**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3182
_____

KASHMIRA DHANOA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA,
Respondent

_____

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A073-665-316)
Immigration Judge: Hon. Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
June 4, 2015

_____

Before: FISHER, JORDAN, and SHWARTZ, Circuit Judges.

(Filed: June 5, 2015)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

1

SHWARTZ, Circuit Judge.

Kashmira Dhanoa petitions for review of the BIA's denial of his motion to reopen his removal proceedings, arguing that he demonstrated an exceptional situation warranting sua sponte reopening.  Because we lack jurisdiction to review Dhanoa's claim, we will dismiss the petition.[1]

I

Dhanoa, a citizen of India, is subject to a 1998 removal order.  Dhanoa filed a timely notice of appeal of his removal order with the BIA, but in 2002, the BIA summarily dismissed his appeal for failure to submit a timely brief.  Dhanoa filed a motion to reopen his proceedings, which the BIA denied as untimely.

In 2014, Dhanoa's wife, who is also subject to a removal order, filed a U-Visa application with the Department of Homeland Security as a victim of a sexual assault and is cooperating with the prosecution of the case.  She then filed an unopposed motion to reopen her removal proceedings, which the BIA granted.

Dhanoa also filed a motion to reopen his removal proceedings based on his wife's U-Visa application.[2]  The Government opposed the motion, which the BIA denied as

_____

[1] We have jurisdiction over a challenge to the BIA's denial of a petition on the ground that it is time- and number-barred, however, Dhanoa does not challenge this ruling, seeking instead reopening under the BIA's sua sponte authority.

[2] Dhanoa sought relief only on the basis of his wife's U-Visa application.  Thus, we need not consider whether his own status as a crime victim, as reflected in a police report he included with his motion concerning a robbery, also presents an "exceptional situation."

"number barred and untimely."  App. 4.  It explained that Dhanoa's wife's pending U-Visa application and the possibility that he will receive derivative status if his wife's application is approved do "not qualify for any exception to the filing restrictions imposed by law on motions to reopen removal proceedings."[3]  App. 4.  It also held that Dhanoa's motion did "not demonstrate an exceptional situation that would warrant the exercise of [the BIA's] discretion to reopen [Dhanoa's] proceedings under [its] sua sponte authority."  App. 4.  Dhanoa petitions for review of the BIA's decision.

II

An alien subject to removal may file one motion to reopen no later than 90 days after a final decision is rendered.  See 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  The BIA, however, has discretion to reopen a proceeding sua sponte "at any time" and may "deny a motion to reopen even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).  Although the BIA has stated that its sua sponte authority is reserved for "exceptional situations," In re J-J-, 21 I. & N. Dec. 976, 984 (B.I.A. 1997), the governing regulation does not "require[] the BIA to reopen a deportation proceeding under any set of particular circumstances" and provides no standard governing the agency's exercise of its sua sponte authority, Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).  Thus, the BIA has discretion to reopen "as it sees fit" and we are generally "without jurisdiction to review [such] decision[s]."  Id.

---

[3] In a footnote, the BIA explained that "[a]ny request for deferred action or a stay of removal pending the consideration of [Dhanoa's] wife's application would have to be pursued before the Department of Homeland Security."  App. 4 n.1.

3

Review is nevertheless permitted if the BIA adopts a "general policy by which its exercise of discretion will be governed." Id. (internal quotation marks and citations omitted). Even where the BIA has not adopted a "general policy" but has a "consistent pattern of administrative decisions on a given issue," the BIA must "conform to that pattern or explain its departure from it."[4] Cruz v. Att'y Gen., 452 F.3d 240, 250 (3d Cir. 2006). Under such a circumstance, we have jurisdiction to review the BIA's decision for abuse of discretion. Calle-Vujiles, 320 F.3d at 475.

Here, the BIA determined that Dhanoa's second motion to reopen, filed approximately twelve years after the BIA issued a final decision, exceeded the statutory deadline and limit on multiple motions. Dhanoa does not challenge these findings. Instead, he argues that the BIA erred by failing to reopen his proceedings under its sua

---

[4] The BIA's statement that its sua sponte authority is reserved only for "exceptional situations" does not constitute the announcement of such a policy because it does not require the BIA to reopen proceedings in exceptional situations and the BIA has not defined the term. Calle-Vujiles, 320 F.3d at 475; see also Pllumi v. Att'y Gen., 642 F.3d 155, 160 n.7 (3d Cir. 2011).

Dhanoa contends that "exceptional situation[]" is analogous to "exceptional circumstance" as defined by 8 U.S.C. § 1229a(e)(1), which Dhanoa argues provides a standard that we have jurisdiction to review. "Exceptional circumstances," however, provides a basis for relief for an alien against whom a final order was entered in abstentia for failure to appear when the failure to appear was due to circumstances "beyond the control of the alien," such as "battery or extreme cruelty to the alien or any child or parent of the alien, . . . or serious illness or death of the spouse, child, or parent of the alien." 8 U.S.C. § 1229a(e)(1); see also 8 U.S.C. § 1229a(b)(5)(C)(i), (b)(7). The BIA announced the "exceptional situations" standard, on the other hand, in the context of untimely motions to reopen and with no apparent reference to "exceptional circumstances" under 8 U.S.C. § 1229a(e)(1). See In re J-J-, 21 I. & N. Dec. at 984. Thus, we apply this Court's controlling precedent holding that the BIA "retains unfettered discretion to decline to sua sponte reopen" a proceeding under its "exceptional situations" standard. Calle-Vujiles, 320 F.3d at 475.

4

sponte authority because he presented an exceptional situation.  Dhanoa, however, has failed to demonstrate that the BIA has a policy or consistent pattern of sua sponte granting motions to reopen on the basis of a spouse's pending U-Visa application that would allow us to review the BIA's decision.  See Cruz, 452 F.3d at 250.  Indeed, requests to reopen based on U-visa applications, even when made by the applicant herself, are routinely denied because U-Visa applications fall within the jurisdiction of the Department of Homeland Security and "the [BIA] does not generally reopen proceedings . . . for purposes of permitting a respondent to pursue relief that is solely within the jurisdiction of the Department of Homeland Security."  In re Paul, No. A096 408 230, 2009 WL 2437123, at *1 (B.I.A. July 24, 2009) (unpublished) (denying "respondent's request [to] reopen pending the adjudication of her "U" visa petition"); see also In re Castillo-Guerrero, No. A089 850 158, 2014 WL 347647, at *1 (B.I.A. Jan. 22, 2014) (unpublished) (denying respondent's motion to reopen premised on his intent to file a U-Visa application because "even if [his] motion established prima facie eligibility for a U-visa, a pending application is not a basis for reopening removal proceedings").[5] Therefore, in the absence of a policy or practice of granting motions to reopen in this context, the denial of Dhanoa's motion to reopen was within the BIA's "unfettered discretion," Calle-Vujiles, 320 F.3d at 475, and we lack jurisdiction to review it.

---

[5] The BIA's decision to reopen Dhanoa's wife's proceedings does not undermine our conclusion that Dhanoa has failed to demonstrate that the BIA has a "consistent pattern" of granting motions to reopen on the basis of a pending U-Visa application either.  Cruz, 452 F.3d at 250.  Notably, her motion, unlike Dhanoa's, was not opposed by the Government.

5

## III

For the foregoing reasons, we will dismiss the petition.